690

29 C.C.P.A. (Patents)

## In re CROUCH.

### Patent Appeal No. 4614.

Court of Customs and Patent Appeals.

June 29, 1942.

David P. Wolhaupter, of Washington, D. C. (Carroll Bailey, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

In this appeal from the decision of the Board of Appeals of the United States Patent Office affirming that of the examiner rejecting all the claims (five in number) of appellant's application, the question involved is one of law not relating to the per se patentability of the claims.

It is unnecessary, therefore, to quote or analyze the claims, but it may be stated that the subject matter to which the appli-cation relates is the electrical treatment of water to reduce the effects of its hardness.

The patent was denied by the respective tribunals of the Patent Office on the sole ground that a British patent, 450,594, granted to appellant and another party as joint inventors, constituted a statutory bar to the involved claims by reason of the provisions of R.S. § 4887, 35 U.S.C.A. § 32, which reads: "No person otherwise entitled thereto shall be debarred from receiving a patent for his invention or discovery, nor shall any patent be declared invalid by reason of its having been first patented or caused to be patented by the inventor or his legal representatives or assigns in a foreign country, unless the application for said foreign patent was filed more than twelve months, in cases within the provisions of section forty-eight hundred and eighty-six of the Revised Statutes [section 31 of this title] and six months in cases of designs, prior to the filing of the application in this country, in which case no patent shall be granted in this country."

The procedure with respect to obtaining a British patent appears to be (or to have been at the time pertinent to this proceeding) for an applicant to file first what is designated as a "provisional specification," and later file what is designated a "complete specification." We deduce from what is said in the decisions below that between the time of filing the provisional specification and the acceptance of the complete specification amendments may be made which, if allowed, appear in the complete specification.

It is pointed out in the statement of the examiner, following the appeal to the board, that the British patent, No. 450,594, bears notations showing that the provisional application for it was filed October 15, 1934, and that the complete specification was "left" (we suppose in the British Patent Office) October 15, 1935, and accepted July 15, 1936. The examiner further states that "The sealing date of the patent is given in the British Official Journal (volume 49, page 163) as Jan. 15, 1937," and that, "The disclosure of the instant application is present in the complete specification of the British patent, though not found in the provisional specification."

The instant application was filed in the United States Patent Office October 6, 1936, which, it will be observed, was more than twelve months after the filing date of

the British provisional specification, but less than twelve months after the date on which the complete specification was "left" and less than three months after it had been "accepted."

It may be said at this point that the British applications were joint applications, appellant Crouch (who appears to be a British subject) being one of the parties thereto.

It is said in the examiner's statement of the case (referring to the United States application): "Applicant's oath filed with his specification acknowledges that he has caused British patent 450,594 to issue."

The oath alluded to was not included in the record furnished us on appeal, and during the oral argument before us it was suggested by the court that the oath to an application is part of the record and, while it is not necessary to print it in the appeal record in all cases, it would seem that in view of the issue involved in this case it very properly might be brought before us. The suggestion was acceded to by counsel for appellant and the Solicitor for the Patent Office, and certiorari was issued. We have examined the oath and, as we understand it, while it does not definitely show the date on which the British patent was issued (as above stated, the patent appears to have been "sealed," whatever that term may mean, January 15, 1937), it does recite the filing of British application, 450,594, "15th October 1934."

Counsel for appellant in their brief before us assert that in fact the invention was not disclosed in the British complete specification at the time it was filed (by which we assume is meant when "left" in the British Patent Office on October 15, 1935), but that it was introduced later by an amendment, and we note that the decision of the board states: "It appears that the foreign application, as filed, does not support the appealed claims but an amendment was filed in that case which does support them and this [the United States] application was filed within 12 months of the date of filing of that amendment."

So far as this case is concerned, it is not material to determine the exact date of the amendment, because, even if there had been a disclosure in the complete specification when "left" in the British Patent Office, on October 15, 1935, the United States application was filed less than twelve months after that date.

It was the view of the examiner, approved by the board, that in the contemplation of the statute, the twelve month period began with the filing date of the British provisional specification, on October 15, 1934, although the invention embodied in the claims concededly was not disclosed therein.

On behalf of appellant it is contended, in effect, that the twelve month period did not begin until the disclosure of the invention in the complete specification (or in the amendment thereto) and that his United States application having been filed within twelve months of such disclosure, the statutory bar provided in R.S. § 4887, supra, does not apply.

The tribunals of the Patent Office held, in effect, that the issue was controlled by the decision (February 7, 1916) of the Court of Appeals of the District of Columbia in the case of In re Bastian, 44 App.D.C. 425, wherein that court (affirming the decision of the Commissioner of Patents) reiterated and applied the rule previously announced by it (April 1, 1902) in the case of In re Swinburne, 19 App. D.C. 565, to the effect that the bar of the statute begins to run from the filing date of a foreign provisional application which ripens into a patent even though the subject matter be not disclosed until it appears in the later filed complete specification.

The instant case, so far as the legal issue involved is concerned, is clearly analogous to the Bastian case, supra, and it is not surprising that the tribunals of the Patent Office applied to this case the rule announced by the court in that case, but, the issue having been brought to us, we have deemed it necessary to reconsider it and, in so doing, to consider other judicial decisions bearing upon it.

In a recent decision this court had occasion to consider the decision in the Bastian case, supra, and announce our disagreement with the rule therein stated. Normann et al. v. Schmidt et al., 29 C.C.P.A. (Patents) ——, 125 F.2d 162, 168. In the course of our decision there we said:

"It would be most extraordinary if a party should be considered to have filed an application for a specific invention in a a foreign country on the date of filing an application which did not disclose that invention, and it is inconceivable that Congress so intended.

\* \* \* \* \* \*

"The case of In re Bastian, supra, does sustain appellants' contention in that the provisional specification there involved did not disclose the invention patented, and described in the completed specification; but nevertheless the court held that the date of the patentee's provisional specification should be regarded as the date of his application for the patent issued upon the completed specification.

"In so far as the last-cited case is concerned, we are not in agreement therewith. Cases to the contrary are American Stainless Steel Co. v. Rustless Iron Corporation, D.C. 2 F.Supp. 742; Handley Page, Ltd., v. Leech Aircraft, Inc., D.C., 35 F. Supp. 856; and Woburn Degreasing Co. v. Spencer Kellogg & Sons, D.C., 40 F.Supp. 357.

\* \* \* \* \* \*

"As hereinbefore indicated, we are in accord with the holding of the Patent Office tribunals that the date of appellee's first British provisional specification, viz., March 1, 1930, should not be regarded as the date of appellee's British application for the involved invention for the reason that said provisional specification did not disclose it, and that the date of his second provisional specification, filed June 25, 1930, which did disclose the invention, should be regarded as the date of his British application in so far as the invention here involved is concerned."

It is proper to say that the decision of the board in the instant case was rendered April 30, 1941, and that our decision in the Normann et al. v. Schmidt et al. case, supra, was rendered February 2, 1942. So, the views expressed by us relative to the Bastian case, supra, were not before the board at the time it decided the instant case.

A restudy of the legal question involved has been made since the instant case was argued before us. The Normann et al. v. Schmidt et al. case, supra, was an interference proceeding while this is a proceeding ex parte, but, in our opinion, the rule which was followed there is applicable here.

Upon the record here presented we hold that allowance of the claims of appellant's application is not barred by the provisions of R.S. § 4887, supra, and the decision of the Board of Appeals affirming that of the examiner is reversed.

Reversed.